No. 61,999

In the Matter of WILLIAM L. WINKLEY, *Respondent*.

(763 P.2d 620)

Opinion filed October 28, 1988.

*Stanton A. Hazlett*, deputy disciplinary administrator, appeared for the petitioner.

Respondent was on the brief pro se.

*Per Curiam*: This is an original action in discipline. The hearing panel on November 3, 1987, unanimously recommended that the respondent be disbarred. The court adopts the panel's recommendation.

Respondent advised the panel that it was his desire to stipulate to the truth of all of the allegations contained in the formal complaint. Before accepting the stipulation, the panel received affirmative answers from respondent to the following three questions:

1. Was the respondent admitting the allegations contained in paragraphs 1 through 15, inclusive, of the formal complaint because those allegations were true, correct, and accurate?
2. Was the respondent aware that the allegations contained in the formal complaint, if true, established serious violations of the Code of Professional Responsibility?
3. Was the respondent aware that by admitting the allegations of misconduct set forth in the formal complaint that the panel would most likely recommend to the Supreme Court that the respondent be disbarred?

The respondent further advised the panel that as soon as his last remaining bankruptcy case was completed, he intended to voluntarily surrender his license to practice law in Kansas and to move to the State of California. He did not plan to further engage in the practice of law.

Marvin and Barbara Cox, the parents of respondent's clients, were killed in an automobile accident in Wisconsin. Respondent was retained by the four Cox sons to represent the estates of Marvin and Barbara Cox and to take necessary action to assure that a wrongful death action was filed.

Respondent filed a petition for issuance of letters of adminis-

tration in the estates of Marvin E. and Barbara Cox. Subsequent to the issuance of the letters of administration no further filings were made by respondent in the probate case. Respondent failed to file an inventory and neglected to file appropriate documents regarding federal estate tax and Kansas inheritance tax.

Respondent wrote to the Cox brothers and told them of an upcoming meeting with the Aetna adjustor at respondent's office. Mike Cox came to the office. After waiting three hours, Mr. Cox was told by respondent that Aetna had canceled the meeting. At this time, respondent was instructed by the Cox brothers to file a wrongful death suit. Respondent promised to do so within the next few days.

From late January 1986, until the middle of March of that year, respondent assured the Cox brothers that he was negotiating with Aetna. The brothers were again to meet with the Aetna adjustor at respondent's office. After arriving, the brothers were informed by respondent that the Aetna adjustor had again canceled the meeting. The brothers contacted respondent numerous times by phone. On one occasion they were told by respondent that there was a pretrial conference set in the wrongful death case on June 1, 1986, and that the trial in the case would be held in the federal court in Wichita on August 27, 1986.

In June of 1986, Mike Cox talked to another attorney about the wrongful death case. That attorney checked court records and found that no wrongful death case was filed. The brothers confronted respondent and respondent admitted that he had lied to them about filing the wrongful death case. In addition, respondent admitted that he had lied to the Coxes about there being meetings with the Aetna adjustor in respondent's office.

Respondent has neglected a legal matter entrusted to him. As a result of this neglect, the Cox brothers suffered monetary damages. The brothers lost more than $70,000 as a result of respondent's neglect to timely complete his settlement with the Aetna Life Insurance Company and by respondent's failure to timely file federal estate tax returns and state inheritance tax returns.

The respondent offered no evidence.

The respondent declined the panel's invitation to make a statement in his behalf.

The panel found by clear and convincing evidence that the

allegations of the formal complaint were true, accurate, and correct.

The panel concluded that the respondent violated DR 1-102(A)(4) (1987 Kan. Ct. R. Annot. 123) by engaging in conduct involving dishonesty, fraud, and deceit and that the respondent violated DR 6-101(A)(3) (1987 Kan. Ct. R. Annot. 143) by neglecting legal matters entrusted to him.

The court agrees with the findings and conclusions of the panel.

IT IS ORDERED that William L. Winkley be and he is hereby disbarred from the practice of law in the State of Kansas. The privilege and license of William L. Winkley to practice law in this state are hereby revoked. The clerk of this court is directed to strike the name of William L. Winkley from the roll of attorneys in the State of Kansas.

IT IS FURTHER ORDERED that: (1) William L. Winkley shall forthwith comply with the provisions of Supreme Court Rule 218 (1987 Kan. Ct. R. Annot. 116); (2) this order shall be published in the official Kansas Reports; and (3) the costs of this action shall be assessed to the respondent.